WILL OF SOLVESON: CURRY, Appellant, vs. SOLVESON, Trustee, Respondent.*

*September 13—October 12, 1948.*

* Motion for rehearing denied, with $25 costs, on December 15, 1948.

*Walter Schinz, Jr.,* of Milwaukee, for the appellant.
*Alvin G. Brendemuehl* of Oconomowoc, for the respondent.

F RITZ, J. The above-stated appeals were submitted on one brief and argument by counsel for each of the parties. Edward M. Solveson died November 4, 1943, survived by his wife, Martena Solveson, and several nieces and nephews. His will, dated March 28, 1938, was promptly probated on

December 21, 1943. His widow, Martena Solveson, died March 12, 1946, and her will was likewise promptly probated.

In the second paragraph of his will, Edward M. Solveson bequeathed and disposed of all of his personal effects, household goods, and jewelry; and in the third paragraph he devised and bequeathed all of his other property, real or personal, to his nephew, Melvin Solveson, as trustee. By one of the provisions in the fourth paragraph of said will the testator directed said trustee to "pay over to my wife the net income thereof during the term of her natural life in monthly instalments;" and in the ninth paragraph he provided:

"I further direct my trustee in case the income from my trust estate is not sufficient for the comfortable care and support of my widow, Martena Solveson, that said trustee may use any or all of the corpus of said trust estate for her necessary and proper care and support."

Upon the final settlement of testator's estate in the proceedings probating his will, letters of trust were duly issued to Melvin Solveson on September 29, 1944. As such trustee he paid to Martena Solveson the income from the trust property amounting to $468 in 1944; $114.34 in 1945; and when she died on March 12, 1946, he had on hand income of $181.84. In Martena Solveson's will Melvin Solveson was designated as the executor of her estate, and he was duly appointed and qualified and acted as such executor. The appellant, Ruth Hansen Curry, is a legatee under Edward M. Solveson's will; and she is likewise a legatee of specific legacies and also the sole residuary legatee under Martena Solveson's will. As such residuary legatee she objected, in proceedings in the matter of the trust created by Edward M. Solveson, to the allowance of Melvin Solveson's account as trustee of that trust; and also objected to the allowance of his final account as executor of Martena Solveson's will. Her objections to said accounts of Melvin Solveson, as trustee and as executor, respectively, were based on her

contention that under the said fourth and ninth paragraphs of Edward M. Solveson's will, it was the trustee's duty to pay not only the net income from said trust estate to the widow Martena Solveson, but that, by reason of the provisions in said ninth paragraph, the trustee was to pay to the widow the additional sum of $4,676.33, which she had expended out of her own funds for her personal expenses and medical care, etc., in excess of the above-stated total sum of $582.48, which she received from the trustee.

The residuary legatee's contentions in those respects cannot be sustained. In relation to the payment of said net income to the widow by the trustee and his use of any or all of the corpus of the estate for her necessary and proper care and support, the only direction in that respect which can be considered to be mandatory in the will is that, as stated in the fourth paragraph, the trustee pay over to the widow the net income of the trust estate during the term of her natural life in monthly instalments. The provision in said ninth paragraph that, in case the income from the trust estate is not sufficient for the widow's comfortable care and support, the trustee *"may use"* any or all of the corpus of the trust estate for her necessary and proper care and support, is not mandatory,—but is merely permissive. That such was undoubtedly the testator's intention is clearly evident in view of the county court's findings of fact and conclusions to the following effect, which were fully warranted by the evidence:

"I find that the separate estate of Martena Solveson was created by her husband, Edward Martin Solveson, after the making of the will in question from creation of joint interests between himself and Martena Solveson, and by the purchase of annuity policies providing for annuity payments first to Edward Martin Solveson during his lifetime and after his death to his widow, Martena Solveson. The record is barren of testimony to show that Martena Solveson, the widow, was ever, after the death of Edward Martin Solveson, in need of comfortable care and support at any time; the widow did not request the trustee to invade the trust estate because the in-

come from the trust estate was not sufficient for her comfortable care and support. . . . I construe the will of Edward Martin Solveson that it does not mean a gift of support, but only provides a gift from the corpus of the trust estate conditioned, not upon insufficiency of income to meet the expense of such support, but upon the actual need of requirements therefor. On the evidence I find that Martena Solveson was amply supported during her lifetime. Martena Solveson had only the right to invade the corpus of the trust estate in the event that the income from the trust estate, further supported by her independent income from the estate resulting from the joint ownership created by Edward Martin Solveson in his lifetime was insufficient to provide for her necessary and proper care and support. I further find that under this will there was no obligation upon the trustee to invade the corpus of the trust estate until after a request therefor was made by Martena Solveson, and then only if the conditions in fact existed as provided by the will under the foregoing construction."

Consequently, there must be affirmed the appeal from the order allowing the trustee's final account in the matter of the trust created by Edward Martin Solveson's will; and the order allowing Melvin Solveson's final account as executor.

In the third paragraph of said will of Edward Martin Solveson he directed that upon the death of his wife the trustee convert all trust assets into cash and pay specific legacies provided for in paragraphs Nos. 11 to 19, inclusive; and then in the nineteenth paragraph he provided that all the residue of his estate be given, devised, and bequeathed in specified fractional interests of said residue to the persons named as the beneficiaries in paragraphs Nos. 20 to 38, inclusive, of his will. However, to all of the bequests thus made in said paragraphs there are applicable and they are subject to the following provisions in paragraphs Nos. 39, 40, and 42 of the will, to wit:

"Thirty-ninth: I further empower my wife, Martena Solveson, to dispose of by last will and testament to such persons and in such amounts as she shall desire all the property that may be left after paying in full the specific legacies to . . ." the legatees which he named in said paragraphs Nos. 11 to 18.

"Fortieth : In case my wife does not dispose of by will of any of said property remaining after the payment of the aforesaid specified legacies or in case she does so attempt to dispose of the same by her last will and testament declared invalid for any purpose by the court, then in that event, I direct that the disposition heretofore made in my will under said residuary clause to remain in full force and effect. . . .

· "Forty-second : I, in making the foregoing disposition of my property, have not forgotten that I have other nephews, nieces and relatives. I would like to leave a small legacy to each of them in recognition of their many kindnesses shown to me and my wife. My estate, however, is not large enough to do the things I would like to do in this respect. After thorough consideration of this matter with my wife, I have decided that the foregoing legacies should in justice first be given."

· From the statement in that last sentence in the forty-second paragraph, it is clearly evident that the legacies provided in the husband's will were made after "thorough consideration of this matter" with his wife; and that by his provision in the thirty-ninth paragraph of his will he expressly empowered her to dispose of by her will "as she shall desire" all of his property that may be left after paying in full the seven specific legacies given by his will to the seven legatees named in the thirty-ninth paragraph (and likewise in paragraphs Nos. 11 to 18). After Edward M. Solveson's death on November 4, 1943, his wife Martena Solveson, on May 15, 1944, executed her last will, and by provisions in paragraphs Nos. 2 to 17 therein she made specific bequests to several legatees, including Ruth Hansen Curry, the appellant. Then the testatrix further provided in said will that,—

"At this time the aforesaid will shall apply only to property that I own in my own name. I do not exercise the power to dispose of by will of any property in the estate of my deceased husband, E. M. Solveson, also known as Edward Martin Solveson ; and the property at this time in the Edward Martin Solveson trust to be disposed of according to the will of my deceased husband."

Thus, by the simple, plain, and unambiguous but explicit terms in those provisions, the testatrix clearly, definitely, and unequivocally stated that she does not then exercise the power to dispose of by her will any property in the estate of her deceased husband; and moreover there is in her will the express and definite statement by her that "the property at this time in the Edward Martin Solveson trust to be disposed of according to the will of my deceased husband." There is nothing whatever in those provisions in her will that can be deemed to admit of even any inference or implication that Martena Solveson intended then or at any other time to exercise the power to dispose of any of the property in the estate of her deceased husband, by the will executed by her on May 15, 1944. Instead, and clearly to the contrary, she expressly and positively states in this will her intention that the property in the Edward Martin Solveson trust is to be disposed of according to his will. After having thus so explicitly negatived the existence of any intention on her part to exercise the power to dispose of any of his property and definitely stated that said property shall be disposed of according to his will, there then is, consistently with said expressed intention, the immediately following, final dispositional provision in her will that,— ·

"All the rest, residue and remainder of *my* estate of every form and description, I give, devise and bequeath to my niece, Ruth Hansen Curry."

Manifestly, the words "my estate," as used in that provision, can be considered to mean only the estate owned by the testatrix. The attempt to construe the plain and simple term "my estate" to mean and include any of the residue of the property in her husband's estate, in relation to which there are residuary-legatee provisions in paragraphs Nos. 19 to 38, inclusive, of his will, would be wholly inconsistent with and in disregard of her immediately preceding, and clearly and definitely expressed intentions that her will shall "apply *only* to property that I *own in my own name;*" that "I do not exercise the power to dispose of by will of any property in the estate of my de-

ceased husband . . .; and the property at this time in the Edward Martin Solveson trust to be disposed of according to the will of my deceased husband." There is no proof or contention that any other will was ever made by Martena Solveson. Consequently, as she thus in her will of May 15, 1944, definitely declined to exercise and never thereafter made any will exercising the power which the provision in the thirty-ninth paragraph of her husband's will permitted her to exercise in relation to said residue of his property, the residuary provisions in paragraphs Nos. 19 to 38 of his will continued to be in full force and effect; and therefore the residuary legatees named in these paragraphs are entitled to their respective shares in said residue of his estate as provided in said paragraphs.

It follows that there must be sustained the county court's findings and conclusion,—

". . . that the legatees named in the will of Edward Martin Solveson take their share under the terms of said will and to be paid by Melvin Solveson, trustee of the trust estate; and . . . that the time has arrived for the termination of said trust estate and that all assets have been converted into cash by the trustee as provided by said will."

*By the Court.*—Orders affirmed with double costs in this court in favor of respondent against the appellant.

The following memorandum was filed December 15, 1948:

Fritz, J. (*on motion for rehearing*). On appellant's motion for rehearing attention is called to an error by reason of the words in the clause "which said residue she thereby gave and bequeathed to Ruth Hansen Curry" that is in the second last sentence in the preliminary statement and immediately preceding the court's opinion herein. As the matter thus erroneously stated in that clause is immaterial and does not affect in any respect the conclusions and determination stated in the opinion, the clause will be stricken.

*By the Court.*—Motion for rehearing denied with costs.